joins, dissenting in part.
I agree that Yarbrough’s conviction of capital murder should be affirmed. I disagree, however, that his death sentence should be vacated and the case remanded for redetermination of the capital murder penalty.
The majority holds that in the penalty phase of a trial when the defendant has been convicted of capital murder, either upon the defendant’s tender of a proper instruction prior to submitting the issue of penalty to the jury or upon the defendant’s request for such an instruction following an inquiry from the jury during deliberations, the trial court shall instruct the jury that the words “imprisonment for life” mean “imprisonment for life without possibility of parole.” This viewpoint, based upon the idea of having a “jury fully informed,” even on matters not relevant for jury consideration, amounts to an unwise change in the landscape for trial of capital murder cases in Virginia when the crime meets the vileness aggravating factor.
In Virginia, a jury’s duty and responsibility, upon a finding of guilt, is to impose such punishment as is authorized by law and is just and proper under the evidence, considering the crime and the *376 defendant. All other matters, such as probation and parole, are not relevant for jury consideration.
The majority seeks to justify its viewpoint by relying upon a purported distinction in the context of jury sentencing between parole ineligibility and parole eligibility. The majority discusses Hinton v. Commonwealth, 219 Va. 492, 496, 247 S.E.2d 704, 706 (1978); Jones v. Commonwealth, 194 Va. 273, 279, 72 S.E.2d 693, 696-97 (1952); and Coward v. Commonwealth, 164 Va. 639, 646, 178 S.E. 797, 799 (1935), admitting those cases stand for the proposition that a jury should not be permitted to speculate on the potential effect of parole, pardon, and executive clemency. Yet, according to the majority, “the present case presents the converse situation,” to those cases. Not so. When the real basis underlying the settled rule (until today) preventing a jury from speculating is understood, the present case does not involve a “converse situation.”
“Under our system, the assessment of punishment is a function of the judicial branch of government, while the administration of such punishment is a responsibility of the executive department. The aim of the rule followed in Virginia is to preserve, as effectively as possible, the separation of those functions during the process when the jury is fixing the penalty, in full recognition of the fact that the average juror is aware that some type of further consideration will usually be given to the sentence imposed.” Hinton, 219 Va. at 496, 247 S.E.2d at 706.
That statement is as applicable in 1999 as it was when written in 1978 because, even with the abolition of parole effective in 1995, “further consideration” by way of the Governor’s constitutional power of executive clemency remains an avenue for relief from a mandatory life sentence for a capital murder.
Parenthetically, the majority’s “fairness” concerns focus only upon the defendant, not the Commonwealth and her citizens. If the majority is truly concerned about “fairness” in directing that the jury be informed about the irrelevant matter of parole ineligibility, then the prosecution should be entitled to have the jury informed about the matter of executive clemency, in a spirit of “fairness.”
Simply put, this Court, as a matter of state law, has held “[i]n an unbroken line of capital cases . . . that parole is not a proper matter for consideration by a jury.” King v. Commonwealth, 243 Va. 353, 368, 416 S.E.2d 669, 677, cert, denied, 506 U.S. 957 (1992). I would adhere to that principle in this case, and would affirm Yarbrough’s death sentence.